Mr. J.K. Linnan Executive Director The Florida Construction Industry Licensing Board 111 Coast Line Drive East Suite 504 Post Office Box 2 Jacksonville, Florida 32201
Dear Mr. Linnan:
This is in response to your request for an opinion on the following question:
 DOES THE OWNER/BUILDER EXEMPTION SET FORTH IN SECTION 489.103(7), F.S., PERMIT LOCAL GOVERNMENTS TO IMPOSE COMPETENCY REQUIREMENTS UPON PERSONS BUILDING STRUCTURES UNDER THE TERMS OF THAT EXEMPTION?
You state that in certain areas of the state property owners are required to pass an examination as a condition to obtaining "an owner/builder permit pursuant to Section 489.103(7), F.S." If such property owner fails the examination, the job must be subcontracted to a licensed contractor. You therefore ask for an opinion as to whether s 489.103(7), F.S., operates to preempt the field, thereby precluding local governments from imposing such examination requirements.
Part I of Ch. 489 provides the state licensing and regulatory requirements for the construction and home improvement industries. Section 489.103, F.S., provides that Part I of Ch. 489 does not apply to certain entities and individuals enumerated in that section. Subsection(7) of s 489.103, in pertinent part, provides that Part I shall not apply to:
 Owners of property building or improving farm outbuildings or one-family or two-family residences on such property for the occupancy or use of such owners and not offered for sale, or building or improving commercial buildings at a cost of under $25,000 on such property for the occupancy or use of such owners and not offered for sale or lease.
Section 489.103(7), F.S., does not purport to exempt the designated property owners from local building regulations or laws, nor does it prohibit local governments from regulating building by such property owners. Thus, I cannot say that s489.103(7) operates to preempt the field as related to such property owners building or improving buildings on their properties under the circumstances enumerated in subsection (7). Subsection (7) exempts the designated property owners only from the operation and licensing requirements of Part I of Ch. 489, provided that the designated buildings or improvements are not offered for sale or lease but are for the occupancy or use of the designated property owners, and does not exempt such persons from local competency examination requirements.
For purposes of this opinion it is assumed that the units of local government, counties and municipalities, are otherwise authorized to impose such competency examination requirements under presumptively and prima facie valid local ordinances pursuant to statutory or county and municipal home rule powers. As to municipal home rule powers, see, s 2, Art. VIII, State Const.; ss166.021 and 166.221, F.S.; State v. City of Sunrise,354 So.2d 1206 (Fla. 1978); City of Miami Beach v. Forte Towers, Inc.,305 So.2d 764 (Fla. 1974). As to county home rule power, see, s 1(f) and (g), Art. VIII, State Const.; s 125.01, F.S. The Florida Supreme Court in Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978) concluded that noncharter counties have home rule power to carry on county government unless the Legislature has preempted a particular subject. See also, AGO 81-48 (noncharter counties have the authority to proceed under their home rule powers to enact an ordinance providing for payments "on account of sickness" to county employees); and see, AGO 79-112 (employees of a certified construction or electrical contractor are not exempted from the local licensing and testing requirements of counties or municipalities and must, therefore, comply with the local regulations for examining and licensing).
In conclusion, it is my opinion that the exemption of certain property owners from the operation of and licensing requirements of Part I of Ch. 489, F.S., contained in s 489.103(7), F.S., is an exemption from the contractor certification and registration requirements of Part I of Ch. 489, F.S., only, and does not exempt such persons from local competency examination requirements.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General